IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

CHESTER F. HOLMES, II and )
JANET C. ARNOLD, )
 )
         Plaintiffs, )
 )
v. ) No. 3:03-CV-378
 )
CITY OF KNOXVILLE, BURNETT )
DEMOLITION & SALVAGE CO., INC., )
S&ME, INC., THE DEVELOPMENT )
CORPORATION OF KNOX COUNTY, and )
BARGE, WAGGONER, SUMNER & )
CANNON, INC., )
 )
         Defendants. )

## MEMORANDUM OPINION

Presently before the court is the "The City of Knoxville, Tennessee's Motion to Dismiss or in the Alternative a Motion for Judgment on the Pleadings" [doc. 28] filed December 29, 2004. The court has granted plaintiffs three extensions of time to respond to the motion. By status report filed July 12, 2005, plaintiffs have "state[d] to the Court that they do not intend to oppose the Motion to Dismiss filed by the City of Knoxville." For the reasons provided below, the motion will be granted.

I.

*Factual Background*

Plaintiffs are residents of Knox County, Tennessee. Their complaint alleges that "the defendants" are responsible for personal injury and property damage resulting from the transportation of hazardous waste from the Coster Shop railway site in Knoxville:

> The defendants, individually and/or jointly, are guilty of negligence, which is the proximate cause of all damages suffered by the plaintiffs, in that they knew and/or should have known that the material, debris and/or soils transported and dumped . . . were contaminated with toxic and/or hazardous substances. . . .
>
> . . .
>
> The plaintiffs would show that the defendants individually and jointly have engaged in the conduct of dumping hazardous waste under facts and circumstances demonstrating willful and wanton negligent conduct and a reckless disregard for the safety of others.

Complaint at ¶¶ 17, 21. The specific allegations of the complaint unique to the City of Knoxville are as follows:

> The City, acting through its agents, servants and/or employees, at all times herein material, owned, operated and controlled the Coster Shop site and was responsible for hiring contractors to perform desired improvements and, otherwise, controlling and managing the site and all improvements.

Complaint at ¶ 9.

II.

*Analysis*

The Tennessee Governmental Tort Liability Act ("GTLA") provides that, with limited exceptions set forth at Tenn. Code Ann. §§ 29-20-202 through 205, "all governmental

2

entities shall be immune from suit for any injury which may result from the activities of such governmental entities . . . engaged in the exercise and discharge of any of their functions, governmental or proprietary." Tenn. Code Ann. § 29-20-201(a).[1] The only exception potentially relevant to the present complaint is the waiver, in certain instances, of governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment[.]" Tenn. Code Ann. § 29-20-205. However, a claim against a governmental entity under § 29-20-205

> must overtly allege that the tort was committed by an employee or employees of the governmental entity within the scope of his or their employment. A complaint which does not so state does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity.

*Gentry v. Cookeville Gen. Hosp.*, 734 S.W.2d 337, 339 (Tenn. Ct. App. 1987).

The court has reviewed plaintiffs' complaint and is satisfied that the City of Knoxville should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) due to plaintiffs' failure to state a claim upon which relief can be granted. The complaint advances general allegations of negligence against all defendants and, as noted above, alleges that

> The City, acting through its agents, servants and/or employees, at all times herein material, owned, operated and controlled the Coster Shop site and was responsible for hiring contractors to perform desired improvements and, otherwise, controlling and managing the site and all improvements.

---

[1] The City of Knoxville is a "governmental entity" for purposes of the GTLA. Tenn. Code Ann. § 29-20-102(3).

The complaint does not, however, "overtly allege that [a] tort was committed by an employee or employees of [the City of Knoxville] within the scope of his or their employment." *Gentry*, 734 S.W.2d at 339. Accordingly, the complaint "does not state a claim for which relief can be granted because the action is not alleged to be within the class of cases excepted by the statute from governmental immunity." *Id.*

The present motion to dismiss must therefore be granted. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge
